IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 19-34028 |
| | § | |
| THE NEW LONESTAR | § | |
| CONSTRUCTION, LLC, | § | |
| | § | (CHAPTER 7) |
| DEBTOR. | § | |

### TRUSTEE'S APPLICATION FOR AN
### ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF
### THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT
### OF OKIN ADAMS LLP AS GENERAL COUNSEL FOR THE TRUSTEE

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Allison D. Byman, chapter 7 trustee (the "Trustee") for The New Lonestar Construction, LLC (the "Debtor"), hereby files this *Application for an Order Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code Authorizing the Employment of Okin Adams LLP as Counsel for the Trustee* (the "Application"), and in support hereof, respectfully states as follows:

### RELIEF REQUESTED

1.      By Order entered on February 2, 2020 (Docket No. 28), this Court authorized the law firm of Cage, Hill & Niehaus, L.L.P. to act as general counsel for the Trustee. Cage, Hill &

Niehaus, L.L.P. will be ceasing business in the near future. Applicant, as Trustee, wishes to employ the law firm of Okin Adams, LLC ("Okin Adams" or the "Firm") to substitute as general counsel for the Trustee. Timothy Wentworth, a former attorney with Cage, Hill & Niehaus, L.L.P. who to date has had primary responsibility for the case and who is now an attorney with Okin & Adams, L.L.P., shall be designated as the attorney primarily responsible for handling this case.

2. The Trustee respectfully requests entry of an order, substantially in the form attached hereto as the proposed order (the "Order"), authorizing the employment of Okin Adams as general bankruptcy counsel to the Trustee. In support of this Application, the Trustee submits the declaration of Timothy Wentworth (the "Wentworth Declaration"), attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

### JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are Sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of Texas (the "Complex Case Procedures").

**BACKGROUND**

5. On July 23, 2019, The New Lonestar Construction, LLC ("Debtor") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. Applicant was appointed Trustee of the estate of the above named Debtor.

**BASIS FOR RELIEF**

6. By this Application, the Trustee respectfully requests entry of the Order authorizing the Trustee to employ Okin Adams as general bankruptcy counsel, in accordance with the terms and conditions set forth in this Application and the Wentworth Declaration.

7. The retention of Okin Adams under the terms described in this Application is appropriate under sections 327(a), 328(a), and 329(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1.

8. Under section 327(a) of the Bankruptcy Code, a trustee is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

Okin Adams' Qualifications

9. The Trustee seeks to retain Okin Adams to act as his general bankruptcy counsel during the Bankruptcy Case. Timothy Wentworth, who will be primarily responsible for the representation of the Trustee, is admitted to practice in this district, as are the other Firm lawyers expected to work on this engagement. Okin Adams has significant experience representing bankruptcy trustees and in complex debtor representations in the Southern District of Texas and across the state of Texas. Based upon the Firm's experience and the expertise developed by many of its attorneys, Okin Adams' attorneys are experienced in the representation of trustees, are well

versed in the Bankruptcy Local Rules, the Complex Case Procedures and local practice expectations, and otherwise have the requisite abilities to represent the Trustee in this Bankruptcy Case. Accordingly, the Trustee believes that Okin Adams is well qualified to represent him in this Bankruptcy Case.

Services to be Provided

The Trustee respectfully submits that it will be necessary to employ and retain counsel pursuant to section 327 of the Bankruptcy Code to serve as the Trustee's general bankruptcy counsel in this Bankruptcy Case to take over from Cage, Hill & Niehaus, L.L.P. The following matters require the assistance of legal counsel:

(a) to analyze, institute and prosecute actions regarding avoidance of set-offs and avoidable transfers.

(b) to analyze, institute and prosecute actions regarding insider transactions and third party dealings.

(c) to institute and prosecute non-routine objections to proofs of claim asserted against the
Estate.

(d) to analyze, institute and prosecute actions regarding recovery of property of the Estate.

(e) to negotiate and consummate non-routine sales of the assets of the Estate, including sales free and clear of liens, claims and encumbrances.

(f) The Trustee may also need counsel to assist in other miscellaneous matters related to case administration. Since Okin Adams will be assisting the Trustee on the matters listed herein, it will be in the best position to provide miscellaneous legal services as needed.

Applicant believes that retention of the law firm is in the best interest of the estate for the reasons as follows:

The Debtor is a construction company. On the petition date, the Debtor was a party to at least two construction contracts that were unfinished. Amounts are still due and owing on the

contracts, and subcontractors have filed liens against the projects. An attorney will be required to review contract and lien documents and to take action to collect all amounts due to the estate. An attorney will also be required to investigate potential avoidance claims and take action on such claims if necessary. An attorney may also be required to review and object to claims filed in the case.

10. Because of the extensive legal services that will be necessary in the Bankruptcy Case, the Trustee believes that the employment of Okin Adams for all of the Trustee's purposes set forth above would be appropriate and in the best interests of the Debtor's estate. The Trustee further believes that Okin Adams possesses extensive knowledge and expertise in the areas of law relevant to this case and that Okin Adams is well qualified to represent the Trustee in this Bankruptcy Case.

Terms of Retention

11. The Trustee has agreed to engage Okin Adams pursuant to the Firm's standard policies and procedures, and requests that this Court approve such terms and conditions of Okin Adams' employment as reasonable pursuant to section 328(a) of the Bankruptcy Code.

12. Pursuant to section 328(a) of the Bankruptcy Code, the Court may approve Okin Adams's retention on any reasonable terms. The present rate charged by Mr. Wentworth, $395 per hour, shall not immediately change. Notice of any future change in rates shall be provided in accordance with applicable rules. Otherwise, the Trustee seeks to retain Okin Adams pursuant to the Firm's standard terms which are substantially similar to those entered into by the Firm and other clients on a daily basis in a competitive market for legal services with respect to similarly complex bankruptcy, corporate, and litigation matters in connection with its retention. Okin Adams will be paid hourly rates for professional services rendered that are in effect on the date the

services are rendered. Okin Adams' rates and rate structures reflect the specialized expertise required by such matters, the risks of monetary loss of business failure, and the severe time pressures involved in bankruptcy representation. These rates may change from time to time in accordance with Okin Adams' established billing practices and procedures to account for advancing seniority and promotion of attorneys and paraprofessionals, i.e. "step increases," and the Trustee has agreed to pay the rates as adjusted in accordance with such established practices and procedures for step increases upon appropriate notice.

13. Other attorneys and paralegals at Okin Adams may be called upon on occasion to assist in the representation of the Trustee. The hourly rates charged by the Firm's professionals differ based on, among other things, the professional's experience. The hourly rates for the attorneys and paralegals at Okin Adams range from $140.00 per hour to $575.00 per hour.

14. The Trustee also has agreed that Okin Adams shall be reimbursed for all actual out-of-pocket expenses incurred by the Firm on the Trustee's behalf. The Firm will make every effort to minimize the expenses within this Bankruptcy Case.

15. Okin Adams will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above by category and nature of the services rendered.

16. Subject to the provisions of section 327(a) of the Bankruptcy Code, as incorporated in section 330 of the Bankruptcy Code, the Bankruptcy Rules and the Bankruptcy Local Rules, the Trustee is informed that Okin Adams intends to apply for compensation for professional services rendered in connection with this Bankruptcy Case, subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus

reimbursement of actual, necessary expenses and other charges incurred by Okin Adams, as more specifically described in the Wentworth Declaration.

Okin Adams is "Disinterested"

17. As set forth in the Wentworth Declaration, Okin Adams does not represent any party in interest in this Bankruptcy Case.

18. To best of the Trustee's knowledge, Okin Adams is not an insider of the Debtor, nor does the Firm have any direct or indirect relationship to, connection with, or interest in the Debtor that would make its interests materially adverse to the interests of the estate or of any class of creditors or equity security holders. The details of all other connections between Okin Adams and the Debtor or its creditors are set forth in the Wentworth Declaration and incorporated herein by reference. To the best of the Trustee's knowledge, Okin Adams does not have any connections with the Debtor, its creditors, any other party in interest, its respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, save and except those set forth in the Wentworth Declaration. Based upon the Wentworth Declaration, the Trustee believes that Okin Adams is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) and is therefore qualified to be employed by the Trustee pursuant to Section 327(a) of the Bankruptcy Code.

19. Accordingly, the Trustee believes that Okin Adams (i) is a "disinterested person", as that phrase is defined in section 101(14) of the Bankruptcy Code (as modified by Section 1107(b) of the Bankruptcy Code), as required by section 327(a) of the Bankruptcy Code and (ii) does not hold or represent an interest adverse to the Debtor's estate.

20. Okin Adams has informed the Trustee that, as set forth in the Wentworth Declaration, (i) Okin Adams has no agreement with any other entity to share any compensation

received concerning the representation of the Trustee; and (ii) unless otherwise disclosed therein, no employee of Okin Adams is related to any United States Bankruptcy Judge for the Southern District of Texas, any United States District Judge for the Southern District of Texas, the United States Trustee with supervision over the Southern District of Texas or any employees of the Office of the United States Trustee for the Southern District of Texas.

21. The Trustee's knowledge, information and belief regarding certain of the matters set forth in this Application are based on and made in reliance upon the Wentworth Declaration. The Trustee understands that Okin Adams will periodically review its files during the pendency of this Bankruptcy Case to ensure that no conflicts or other disqualifying circumstances exists or arise. If any new relevant facts or relationships are discovered or arise, the Trustee understands that Okin Adams will use reasonable efforts to identify such further developments and will file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

22. The Trustee submits that the retention and employment of Okin Adams on the terms and conditions set forth herein and in the Wentworth Declaration are in the best interests of the Trustee, the Debtor's estate, its creditors and all potential parties in interest. Okin Adams is well qualified to perform as general bankruptcy counsel as described above, and the Trustee knows of no reason why Okin Adams should not be retained as counsel for the Trustee in this Bankruptcy Case.

## **PRAYER**

WHEREFORE, the Trustee requests that this Court enter an order, substantially in the form attached hereto, approving the employment of Okin Adams as general bankruptcy counsel for the Trustee in the Bankruptcy Case, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted this 16th day of September, 2020.

/s/ *Allison D. Byman, Trustee*
Allison D. Byman,
Chapter 7 Trustee for The New Lonestar Construction, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on September 16, 2020 via the Court's CM/ECF system to all parties consenting to service through the same.

By:  /s/ *Timothy L. Wentworth*
Timothy L. Wentworth