IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | CASE NO. 19-34028 |
| § | |
| THE NEW LONESTAR § | |
| CONSTRUCTION, LLC, § | |
| § | (CHAPTER 7) |
| DEBTOR. § | |

**COMBINED FINAL FEE APPLICATION COVER SHEET**

| | | |
|---|---|---|
| **Name of Applicant:** | Cage, Hill & Niehaus, LLP  Okin Adams LLP | |
| **Applicant's Role in Case:** | Attorney for Trustee | |
| **Date Order of Appointment Signed:** | Cage, Hill 02/02/2020 (Docket No. 28)  Okin Adams 09/25/2020 (Docket No. 43) | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | 12/16/2019 | 03/31/2021 |
| **Time period(s) covered by prior Applications:** | N/A | N/A |
| **Total amounts awarded in all prior Applications:** | | N/A |
| **Total fees requested in this Application and in all prior Applications:** | | $14,435.00 |
| **Total fees requested in this Application:** | | $14,435.00 |
| **Total professional fees requested in this Application:** | | $14,435.00 |
| **Total actual professional hours covered by this Application:** | | 44.30 Hours |
| **Average hourly rate for professionals:** | | $325.85 |
| **Total paraprofessional fees requested in this Application:** | | N/A |
| **Total actual paraprofessional hours covered by this Application:** | | N/A |
| **Average hourly rate for paraprofessionals:** | | N/A |

| | |
|---|---:|
| **Reimbursable expenses sought in this application:** | $380.05 |
| **Application cost:** | $487.50 Fees<br>$6.03 Expenses |
| **Total of other payments paid to secured claimants:** | $0.00 |
| **Total of other payments paid to administrative claimants:** | $783.50 |
| **Estimated total for distribution to priority unsecured creditors:** | $5,200.00 |
| **Estimate percentage dividend to priority unsecured creditors** | 100% |
| **Estimated total for distribution to general unsecured creditors:** | $62,732.00 |
| **Estimate percentage dividend to general unsecured creditors:** | 15% |
| **Receipts to date:** | $91,716.29 |
| **Disbursements to date:** | $783.50 |
| **Current balance in the Trustee's accounts:** | $90,932.79 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 19-34028 |
| | § | |
| THE NEW LONESTAR | § | |
| CONSTRUCTION, LLC, | § | |
| | § | (CHAPTER 7) |
| DEBTOR. | § | |

**COMBINED FINAL FEE APPLICATION OF CAGE, HILL & NIEHAUS, LLP FOR THE PERIOD DECEMBER 16, 2019 THROUGH AUGUST 31, 2020 AND FIRST AND FINAL FEE APPLICATION OF OKIN ADAMS LLP, FOR THE PERIOD SEPTEMBER 1, 2020 THROUGH APRIL 20, 2021 AS COUNSEL FOR THE TRUSTEE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE TO GRANT THE RELIEF REQUESTED IN THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Okin Adams LLP ("Applicant"), bankruptcy counsel for Allison D. Byman, Trustee ("Trustee") of the above-referenced Debtor ("Debtor"), hereby files this Combined First and Final Fee Application of Cage, Hill & Niehaus, LLP for the period December 16, 2019 through August 31, 2020 and First and Final Fee Application of Okin Adams LLP for the period September 1, 2020 through April 20, 2021 as Counsel for the Trustee ("Combined Application") and states the following in support:

**INTRODUCTION**

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference of the U.S. Bankruptcy Court for the Southern District of Texas. This is a core proceeding under 28 U.S.C. § 157(b) and venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

2. This case was commenced by the filing of voluntary petition under chapter 7 of title 11 of the United States Code on July 23, 2019. Subsequently, Allison D. Byman was appointed trustee of the Debtor's estate.

3. On January 9, 2020, the Trustee filed an Application for Authority to Employ Cage, Hill & Niehaus, LLP ("Cage Hill") as counsel to the Trustee [Doc. #25].

4. On February 2, 2020, this Court signed the Order (the "Employment Order") Authorizing the Retention and Employment of Cage Hill as Counsel to the Trustee [Doc. #28], a copy of which is attached as **Exhibit A**.

5. Cage Hill has ceased business, although it is still operating for the purpose of collecting fees. Any fees awarded by the Court to Cage Hill will be paid directly to Cage Hill. On September 16, 2020 Trustee filed an application to employ Applicant to substitute as general counsel for the Trustee. Timothy Wentworth, a former attorney with Cage Hill who to date has had primary responsibility for the case and who is now an attorney with Okin Adams, has been designated as the attorney primarily responsible for handling this case.

6. On September 25, 2020, this Court entered an Order approving Trustee's application to retain Okin Adams LLP [Doc. #43], effective September 1, 2020. A copy is attached hereto as **Exhibit B**.

7. This is the First and Final Fee Application of Cage Hill and Okin Adams. All professional services for which Cage Hill and Okin Adams request compensation and allowance in this Combined Application were performed for the period December 16, 2019 through August 31, 2020 (Cage Hill) and September 1, 2020 through April 20, 2021 (Okin Adams) for and on behalf of the Trustee. No agreement or understanding exists between Cage Hill or Okin Adams and any other person with respect to the sharing of compensation sought herein, except that the compensation approved by the Court will be shared among Cage Hill's partners, associates, and personnel, or Okin Adams' partners, associates and personnel as authorized under the Bankruptcy Code.

## CAGE HILL APPLICATION

8. Cage Hill makes this Application pursuant to 11 U.S.C. § 331 for final approval of the following amounts for professional services rendered and for reimbursement of out-of-pocket expenses actually and necessarily incurred by Cage Hill during the period of December 16, 2019 through August 31, 2020 (the "Final Application Period"):

| | |
|---|---|
| Fees: | $ 9,560.00 |
| Expenses: | $ 222.55 |
| **TOTAL:** | **$ 9,782.55** |

9. During the Final Application Period, Cage Hill expended an aggregate total of 29.30 hours for professional services rendered in the instant matter. Cage Hill's standard rates are consistent with fees charged by Cage Hill's peers in similar cases. Further, all of the time incurred by Cage Hill during the Final Application Period was incurred solely in an effort to obtain payment for the reasonable and necessary services Cage Hill previously provided to the Trustee. A detailed

listing of the services performed in each area by Cage Hill is included in **Exhibit C** attached hereto. The professional hours and rates are summarized on **Exhibit C**:

11. Expenses either incurred and/or billed to Cage Hill's account for the Debtor during the Final Application Period total $222.55. All of these expenditures represent necessary and reasonable costs incident to the recovery of Cage Hill's Court-approved professional fees and expenses. The reimbursable expenses are summarized in **Exhibit C**. The expenses requested in the Combined Application conform to the guidelines as found in the General Order 2001-5, dated May 3, 2001, entitled Guidelines for Attorney Fee Applications - Reimbursement of Expenses.

12. Cage Hill requests this Court allow these fees on a final basis and approve compensation by the estate in the amount of $9,560.00 for professional fees and $222.55 for reimbursable expenses, for a total of $9,782.55 in fees and expenses during the Final Application Period.

## OKIN ADAMS APPLICATION

13. Okin Adams makes this Application pursuant to 11 U.S.C. § 331 for final approval of the following amounts for professional services rendered and for reimbursement of out-of-pocket expenses actually and necessarily incurred by Okin Adams during the period of September 1, 2020 through April 20, 2021 (the "Final Application Period"):

      Fees:       $ 4,875.00

      Expenses:   $    157.50

      **TOTAL:**   **$ 5,032.50**

14. During the Final Application Period, Okin Adams expended an aggregate total of 15.00 hours for professional services rendered in the instant matter. Okin Adams' standard rates are consistent with fees charged by Okin Adams' peers in similar cases. Further, all of the time

incurred by Okin Adams during the Final Application Period was incurred solely in an effort to obtain payment for the reasonable and necessary services Okin Adams provided to the Trustee. A detailed listing of the services performed in each area by Okin Adams is included in **Exhibit D** attached hereto. The professional hours and rates are summarized on **Exhibit D**.

**Brief description of work performed:**

This case was commenced on July 23, 2019. The Debtor was a construction company that was a general contractor on a number of sports-related projects.

B120 Asset Analysis and Recovery

Accounts Receivable: As of the petition date, two projects had not yet been completed, the Legacy School of Sports Science at 2727 Spring Creek ("Legacy") and the University of Houston project at 3100 Cullen Blvd ("U of H"). According to the Debtor's records, the owner of the Legacy project, Education Capital owed the Debtor in excess of $640,000, and the owner of the U of H project owed the Debtor approximately $200,000.

The Trustee called upon Applicant to determine the collectability of these receivables. To this end, Applicant obtained and reviewed extensive documentation from the Debtor, creditors and public records, and conferred with various creditors. With both projects, owners asserted substantial offsets due to the failure of the Debtor to complete work, as well as its failure to pay subcontractors. Applicant determined that there were over $800,000 in M&M liens filed against the Legacy project, and over $500,000 in liens filed against the U of H project.

Although it appeared there was no value in these accounts to the estate, the Trustee collected $50,000 from the Debtor that it attributed to collections from the owner of the U of H project. With respect to the Legacy project, Applicant negotiated a settlement with Education Capital that provided for a mutual release of claims between the estate and Education Capital in

exchange for payment of $20,000 to the estate. Applicant prepared and filed a motion seeking approval of this settlement, which was granted by this Court.

Collection of these accounts benefited the estate in the amount of $70,000.

Preferences: The Trustee called upon Applicant to determine whether the estate had any avoidance actions that needed to be pursued. To this end, Applicant obtained the Debtor's financial records and determined that there were a number of potential preferences that required further investigation. After reviewing documents, Applicant determined that one non-insider preference should be pursued, to Chase Bank. Chase had received $90,000 within the 90 days prior to the petition date. Applicant made demand on Chase for return of the funds. In response, Chase asserted the defense of new value, and claimed that only $19,918.21 was avoidable. After review of Chase's documents, Applicant that its new value defense was viable. Thereafter, Applicant negotiated a settlement with Chase that provided for payment to the estate of $17,000. Applicant prepared and filed a motion seeking approval of the settlement with Chase, which was approved by this Court.

In addition, Applicant discovered that the Debtor had made substantial payments to several insider companies. In order to obtain records regarding these transfers, Applicant subpoenaed records from the Debtors' principal Russell Plank. In response, Plank produced documents that indicated that these entities had no assets and were each involved in multiple lawsuits as defendant. Although there may have been viable avoidance actions against the companies, Applicant determined that there was little possibility of any recovery to the estate.

B310 Claims Administration and Objections

Claims: In consultation with the Trustee, Applicant determined that three claims filed in this case were objectionable, AS Builders (Claim 9), Rubber Flooring (Claim 17) and Expansion

Capital (Claim 20). Applicant corresponded with the creditors seeking amendments or withdrawals of the claims. AS Builders amended its secured claim to reflect an unsecured deficiency. Rubber Flooring reduced its claim from $120,437.39 to $50,437.39 based upon payments that it had received from the project owner. Finally, Expansion Capital had filed a claim for debt owed by insider companies. Upon conferring with the attorneys for the claimant, Expansion Capital amended its claim to reflect a guarantee given by the Debtor.

15. The rates charged by Okin Adams for services rendered by its attorneys are the same as the rates charged on similar matters.

16. Okin Adams requests this Court allow these fees on a final basis and approve compensation by the estate in the amount of $5,032.50 in fees and expenses during the Final Application Period.

## **PREPARATION OF FINAL FEE APPLICATION**

17. The Fifth Circuit has held that counsel for professionals are entitled to reasonable compensation for preparation of fee applications and attendance at any necessary hearings. *In re Rose Pass Mines, Inc.,* 615 F.2d 1088, 1093 (5th Cir. 1980) (stating it would be "unduly penurious" for a bankruptcy court to impose rigorous fee application requirements upon counsel but not to compensate the applicant for the time and effort spent complying with the rigid fee application procedural requirements). *See also In re Nucorp Energy, Inc.,* 764 F.2d 655, 659 (9th Cir .1985) ("To require counsel to devote considerable time to the preparation of fee applications, but to demand that they absorb the substantial cost associated therewith, would be to ignore the direct mandate of section 330(a) that reasonable compensation be provided for all 'actual, necessary' services rendered by bankruptcy counsel"); *In re 14605, Inc.*, No. 05-11910 MFW, 2007 WL 2745709, *9 (Bankr. D. Del. Sept. 19, 2007) ("Clearly the statute contemplates that fees will be

allowed for preparation of fee applications in bankruptcy cases.") (citing 11 U.S.C. § 330(a)(6) ("Any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application.")).

## CONCLUSION

Based on the foregoing, Cage, Hill & Niehaus, LLP requests that this Court allow and authorize on a final basis the legal fees and reimbursable expenses incurred by Cage Hill for its representation of the Trustee during the Final Application Period in the amount of $9,782.55. In addition, Okin Adams requests that this Court allow and authorize on a final basis the legal fees and reimbursable expenses incurred by Okin Adams for its representation of the Trustee during the Final Application Period in the amount of $5,032.50. Cage Hill and Okin Adams further requests that this Court grant them any other legal or equitable relief to which they may be entitled.

Respectfully submitted this 26th day of April, 2021.

**OKIN ADAMS LLP**

By: /s/ *Timothy L. Wentworth*
Timothy L. Wentworth
Texas Bar No. 21179000
twentworth@okinadams.com
1113 Vine St., Suite 240
Houston, Texas 77002
Tel: 713.228.4100
Fax: 888.865.2118

**ATTORNEYS FOR THE TRUSTEE**